The People of the State of New York, Plaintiff in Error, *v.* Thaddeus C. Beach, Defendant in Error.

On the trial of an indictment for larceny, it appeared that the goods were taken by one H. from the prosecutor's house, in a box wherein they had been placed by the prosecutor's wife, were sent to Albany, and taken to rooms subsequently occupied by her and the prisoner. The question as to whether the latter was present at the house of the prosecutor when the goods were taken was at issue, and the judge charged that if not so present he could not be convicted. On the trial, the prosecutor was called as a witness for the people. Upon his cross-examination he testified that after his wife had left his house, he saw H., who told him that previous to the alleged larceny the prisoner took the prosecutor's wife out riding. On re-examination, he was requested to state the conversa-

tion between H. and himself. This was objected to generally. The objection was overruled, and the witness testified among other things, that H., in answer to a question as to whether the prisoner was present when the box was taken, answered, " he helped to put the box in the wagon." The prisoner was not present at the conversation. *Held,* that the evidence was hearsay and incompetent; that it was not competent as forming part of the same conversation as to which witness had testified on cross-examination, as it was an independent statement in no way connected with the statement proved; also that a general objection was sufficient; that if any doubt could be entertained as to the technical sufficiency of the objection, on trial of a civil action, as the application of the strict rule would work injustice, the prisoner should not be deprived of the benefit of the exception.

(Argued January 15, 1882; decided January 24, 1882.)

ERROR to the General Term of the Supreme Court, in the fourth judicial department, to review order made October 7, 1879, which reversed a judgment of the Court of Sessions in and for the county of Onondaga, entered upon a verdict convicting the defendant in error of the crime of petit larceny.

The material facts are set forth in the opinion.

*William C. Ruger* for plaintiff in error. Where a person receives the goods of a husband from the wife in bad faith, and with knowledge that the husband's consent was wanting, or with reason to presume that the taking was against the husband's will, the taking is felonious. (3 Greenl. on Ev., § 158; 2 Whart. Am. Cr. Law, §§ 1802–1806; *Reg.* v. *Thompson,* 1 Eng. L. & Eq. 542; *Reg.* v. *Clark,* 1 Moody's Cr. Cas. 376; *Reg.* v. *Featherstone,* 26 Eng. L. & Eq. 570; *Reg.* v. *Berry,* 9 Cox's Cr. Cas. 117; *Reg.* v. *Tolfrie,* R. & M. 243; *People* v. *Schuyler,* 6 Cow. 572; *People* v. *Cook,* 43 N. Y. 508; *Reg.* v. *Flatman,* 43 L. T. [N. S.] 169; 2 Alb. L. J. 418.) Beach and Mrs. Hooper being co-conspirators, her declarations uttered during the pendency of the criminal enterprise, although not in the presence of Beach, are admissible as forming a part of the *res gestæ.* (1 Greenl. on Ev., § 111; *Kelley* v. *People,* 55 N. Y. 575–577.) The loss of the letter inclosing the money from defendant to Beatty was sufficiently accounted for, and secondary evidence of its contents was admissible. (*Hoffman* v.

*McCullough*, 73 N. Y. 615; *Jackson* v. *Root*, 18 Johns. 60; *Jackson* v. *McVey*, 18 id. 330; *Baker* v. *Squier*, 1 Hun, 448.) The questions asked Beach on cross-examination, when he had been sworn in his own behalf, respecting his intentions at Albany, the time of his renting the house in Albany, and calling for a history of the conspiracy, were unobjectionable. (*People* v. *Brandon*, 42 N. Y. 265; *Connors* v. *People*, 50 id. 240; *Stover* v. *People*, 56 id. 315; *People* v. *Casey*, 72 id. 393; *McGary* v. *People*, 2 Lans. 232; 1 Greenl. on Ev. [13th ed.], § 451, *n;* *Comm.* v. *Mullin*, 97 Mass. 545; *Comm.* v. *Morgan*, 107 id. 199; *State* v. *Wentworth*, 65 Me. 239; 19 Alb. L. J. 338, 428; *People* v. *Brown*, 72 N. Y. 571; *Lohman* v. *People*, 1 id. 379; *Comm.* v. *Nichols*, 114 Mass. 285.) The prisoner's exceptions to the admission of evidence were unavailing because no ground of objection was stated or alleged, and the error, if any was committed, was of such nature that it could not and did not work any injury to the prisoner. (*Levin* v. *Russell*, 42 N. Y. 255; *Williams* v. *Sergeant*, 46 id. 481; *Tooley* v. *Bacon*, 70 id. 34; *Daily* v. *Byrne*, 77 id. 182, 188.) A court is not required to reverse a judgment in even a capital case, for every error committed upon the trial, which is the subject of an exception. (*Shorter* v. *People*, 2 N. Y. 193; *People* v. *McCann*, 16 id. 51; *People* v. *Bransby*, 32 id. 525; *People* v. *Gonzales*, 35 id. 59; *Fralich* v. *People*, 65 Barb. 48.)

*W. E. Lansing* for defendant in error. To constitute larceny of the husband's goods by a man who elopes with the wife, he must be present and assist in the taking of the goods. (*People* v. *Schuyler*, 6 Cow. 572; *Reg.* v. *Featherstone*, 6 Cox's Cr. Cas. 376; *Reg.* v. *Tolfree*, 1 Moody's Cr. Cas. 243; *Clark's Case*, 1 Moody's Cr. Cas. 386; 2 Archbold, 368, note; *Reg.* v. *Rosenburg*, 1 Car. & K. 233.) The court below erred in allowing the prisoner to be asked on cross-examination, "if he rented the rooms with the intention of occupying them with Mrs. Hooper?" (*Brown* v. *People*, 8 Hun, 562; affirmed, 72 N. Y. 571; *Crapo* v. *People*, 15 Hun, 270; affirmed, 76 N. Y. 288.)

ANDREWS, Ch. J.   The defendant was convicted at the Onondaga Sessions, of petit larceny, under an indictment, charging him with stealing certain articles of bedding and linen, at Marcellus, Onondaga county, the property of one Charles Hooper. The evidence disclosed that the articles alleged to have been stolen, were taken from the prosecutor's house by one Hardacre, in a box, in which they had been placed by the prosecutor's wife, and sent to Albany, and there taken to rooms engaged by the defendant, which were subsequently occupied by him and the prosecutor's wife.   The judge charged the jury, that if the defendant was not present at the prosecutor's house when the goods were taken, he could not be convicted.   The fact that the prisoner was present when the goods were taken was, as the verdict shows, found by the jury, and if any evidence bearing upon this point was improperly admitted against the defendant's objection, the conviction was properly reversed. There is no direct evidence that the defendant was present when the box was taken.   The prosecutor was called as a witness for the people.   On his cross-examination by the defendant's counsel, he testified, among other things, that after his wife left his house, he went to Hardacre, who told him that the defendant, in the August previous (some months prior to the alleged larceny), took the prosecutor's wife out riding.   On the re-examination of the witness, he was asked by the district attorney to state the conversation between Hardacre and himself. The defendant's counsel made a general objection to the question, which was overruled by the court, and the defendant's counsel excepted.   The witness, before proceeding to state the conversation, was asked, who was with him at the time, and he answered, "Hoyt Gallup."   He was then again asked to state the conversation.   The defendant's counsel again objected, and the objection was again overruled, and the defendant's counsel excepted.   The witness then testified, among other things, that Hardacre, in answer to the inquiry whether the defendant was present when the box was taken, said, "that he helped to put the box in the wagon."   It is manifest that the declaration of Hardacre was inadmissible, as original

evidence of the fact stated. The defendant was not present at the time, and the declaration was mere hearsay, and related to the vital point upon which the conviction turned. The counsel for the people seeks to justify the admission of the evidence, on the ground that it was a part of the same conversation as to which the witness had testified on his cross-examination by the defendant. But the remark of Hardacre, brought out on the cross-examination, related to a wholly distinct and independent matter, of no materiality whatever. The people were not entitled to introduce material and damaging declarations of Hardacre, which had no relation to the previous evidence, upon the claim, that it was a part of the same conversation. When a statement forming part of a conversation is given in evidence by one party, whatever was said in the same conversation, tending to explain or qualify that statement, may be given in evidence by the other, but the latter cannot give in evidence, distinct and independent statements in the same conversation, in no way connected with the statement proved by his adversary, on the ground that he had opened the subject, by his examination. (1 Phil. Ev. 416; *Rouse* v. *Whited*, 25 N. Y. 170.) It is also insisted, that the exception taken by the defendant is unavailable for the reason that the objection was general, and not specific. The general rule, which requires a party objecting to evidence to specify the ground of the objection, is to prevent surprise and to enable the court and the other party, in dealing with the objection, to act understandingly. There are often technical objections to questions, which, upon being suggested, will at once be acquiesced in or induce a change in the form of the question or mode of proof by which the objection is obviated. In such cases common fairness and the due administration of justice requires that the party should, by specifying the ground of the objection, bring the attention of the court directly to the point, and if he omits to do so he is justly deprived of the benefit of his objection. For example, it is a general rule that a party shall not put leading questions to his own witness; and there is another rule, that the best evidence of a fact must be produced. If a party objects to a

question, and the only objection is that the question is leading, he must put his objection on this ground ; or, if oral evidence of a written contract is offered, the party objecting on account of this mode of proof must so state.  In these, and like cases, the objection, when specified, may usually be obviated at the time ; and at all events, the court and party are apprised of the precise point, and the ruling is made with a full understanding of the objection.  We think, however, the general objection made in this case was sufficient.  It appeared, when the objection was made, that the conversation proposed to be shown was between the prosecutor and Hardacre, when the defendant was not present.  There was no possible view of the case, as it then or afterward stood, in which such a conversation was admissible. When the witness was asked to state the conversation, and counsel objected, both the court and the prosecuting officer must have understood that it was an objection to the competency of the proposed evidence.  If the objection had been made in terms, on the ground that the evidence was incompetent, the sufficiency of the objection could not have been questioned, and the objection, as made, necessarily implied this. Neither the court nor prosecuting attorney could have been misled as to the point of the objection.  It was patent on considering the objection in connection with the proof offered.  If any doubt could be entertained as to the technical sufficiency of the objection, we should be disinclined, in a criminal case, to deprive a defendant of the benefit of an exception by the strict application of a rule more especially applicable to civil cases, when we can see that its application would produce injustice.

We think the judgment of the General Term should be affirmed.

All concur.

Judgment affirmed.