ANNA M. HOLCOMBE, Executrix, etc., Appellant, *v.* KNEE-
LAND J. MUNSON *et al.*, Respondents.

*Court of Appeals, November 30, 1886.*

Affirming same case, 34 Hun, 636, Mem.

*Appeal. Judgment absolute.*—Upon an appeal from an order of the
general term reversing a judgment entered upon the report of a
referee, and directing a new trial, with stipulation for judgment
absolute in case of affirmance, the court of appeals will examine
the whole record, for the purpose of discovering whether there are
any errors committed by the trial court which will authorize an
order of reversal by the general term : and if such are found, this
court must affirm the order appealed from and order judgment
absolute for the respondent.

2. *Same. Reversal on law.*—Where the decision of the general term, in
granting an order of reversal of a judgment entered upon the
report of a referee, is placed upon questions of law alone, the
court of appeals is precluded from reviewing the case upon the
facts, and is confined to the examination and decision of the ques-
tions of law presented by the record.

3. *Evidence. General Objection.*—Where an objection cannot be obviated
by any means within the power of the party offering the evidence,
a general objection thereto is sufficient to raise the question of its
admissibility.

4. *Same. Parol evidence.*—A written contract cannot be explained,
modified or contradicted, either as to its express or implied terms,
by parol evidence, whether the proposed parol modification pur-
ports to have been made before, at the time of, or after the date of
the execution of the instrument; certainly not, where the con-
tract proposed to be proved is required by the statute of frauds to
be in writing.

5. *Same. Opinion.*—The opinion of witnesses, who have no knowledge
of the location and dimension of a lot of land, other than the
statements of a third person, who pointed out a lot to them, as to
the number of acres therein, and the number of cords of wood
it would produce per acre, unless supplemented by the testi-
mony of the informant that he knew the lot and pointed it out to
the witnesses accurately, is merely hearsay evidence and incom-
petent, and the denial of a motion to strike out the testimony is
error.

Appeal from an order of the general term of the supreme court, reversing a judgment entered upon the report of a referee.

*James Lansing*, for appellant.

*Esek Cowen*, for respondent.

RUGER, Ch. J.—This action was brought by John F. Holcombe, as assignee of George P. Holcombe, to recover damages from the defendants, for an alleged breach of contract by refusing to employ the assignor in cutting wood and manufacturing charcoal on certain lands owned by them, and also by refusing to accept and pay for certain coal agreed to be furnished by him.

The complaint did not allege performance of the contract by the plaintiff's testator, or even a tender of performance, but claimed damages for its breach occasioned by defendants' refusal to make the advance payment of fifty cents a cord provided to be paid for wood chopped, and by an alleged notification by defendants to plaintiff's testator that they would " not perform the agreement upon their part to be performed, and would not accept any coal made or furnished by him, nor provide cars to transport the same."

The answer admitted the making of an agreement by the defendants, with George P. Holcombe, in the terms and to the effect particularly set out therein (and which accords with the written agreement thereafter produced in evidence by the plaintiff) but denied the making of any other or different contract. It also took issue upon the allegations of the complaint that they had refused to perform or carry out said contract, or had prevented or discharged said Geo. P. Holcombe from performing the same, and avowed their readiness and ability at all times to perform their part of said agreement.

Upon the trial the plaintiff produced in evidence a writ-

ten contract executed by the parties referred to, reading as follows:

" Articles of agreement made and entered into this 9th day of March, 1880, between Geo. P. Holcombe, of New Lebanon, N. Y., of the first part, and Munson & Landon. of Chatham Village, N. Y., of the second part as follows: the said Holcombe agreed with said Munson & Landon to take charge of and cut, coal and deliver all the timber to be taken from lots this day purchased from Aaron P. Sackett, Burton Jolls and Bernard Nelan, said wood to be cut and corded with good solid measure, to be burned under earth in a good workmanlike manner, and delivered at the railroad at a point where it can be shipped on board of sealed cars to be furnished by said Munson & Landon ; cars to be well filled, and due diligence made to keep the supply of coal without unnecessary delay. For such service said Holcombe shall receive from the Jolls and Nelan jobs, the sum of nine cents per bushel, said Munson & Landon furnishing wood; for the Sackett job, said Holcombe shall receive for his services the sum of ten and one half cents per bushel of coal delivered on the cars. Holcombe shall cut all the wood low and well trimmed. Books of account shall be kept by both parties, subjected to the inspection of both, payments to be made on the 15th day of each month for all coal delivered on the cars the month previous. The parties of the second part agree to advance fifty cents per cord of all wood cut the month previous, which shall be taken from the price paid for the coal. Said Holcombe agrees to make from 40,000 to 75,000 bushels of coal and deliver the same on the cars up to November 15, 1880 ; said Munson & Landon will pay said Holcombe twelve dollars per hundred for goods, merchantable charcoal, made from hard wood purchased by said Holcombe, the same being delivered on the cars and paid for on the 15th of each month ; said Holcombe to complete the Sackett job by the first of November, 1882; the parties of the second part

to make punctual payments, and to furnish cars promptly, that there may be no delay.

In witness thereof the parties to these presents have hereto set their hands and seals the day and year first mentioned.

GEO. P. HOLCOMBE.     [L. S.]

MUNSON & LANDON.     [L. S.]

In the presence of H. C. BULL.

The questions mainly litigated upon the trial were : *First,* whether there had been any refusal on the part of the defendants to perform the contract; *second,* whether there had been a subsequent parol alteration of the terms of the written agreement ; and, *third,* as to the quantity of coal which the wood on the lot in question was capable of producing, and the cost of manufacturing it.

Upon all of these questions the evidence was quite contradictory and conflicting and incapable of being harmonized or reconciled.

The referee found upon each of the questions referred to in favor of the plaintiff and assessed the damages at $10,608. From the judgment entered upon the referee's report the defendants appealed to the general term. That court, after an examination of the evidence in the case, came to the conclusion, as appears from its opinion, that the referee erred upon the facts in ordering judgment for the plaintiff. Instead, however, of determining the case upon this ground, its decision was placed, as we must assume from the order of reversal, upon questions of law alone ; and it reversed the judgment entered upon the report of the referee and directed a new trial.

The plaintiff declined the hazards of a new trial, but elected to appeal to this court, giving the usual stipulation for judgment absolute.

The decision of the general term precludes us from reviewing the case upon the facts, and confines us to the examination and decision of the questions of law presented by the record. In view of the repeated warnings given by this court of the hazard incurred by a party in taking such course, of encountering some objections and exceptions taken on the trial, but not considered by the general term which might prove to have been well taken, and especially in a case that bristles with exceptions, it was to say the least quite dangerous to risk the chances of an affirmance by us for such errors. Copp *v.* Hatfield, 46 N. Y. 533; People *v.* Supervisors of Essex Co., 70 id. 228 ; Mackay *v.* Lewis, 73 id. 382.

Upon such an appeal it is our duty to examine the whole record, for the purpose of discovering whether there were any errors committed by the trial court which would have anthorized an order of reversal by the general term ; and if such are found it is the imperative duty of this court to affirm the order appealed from and order judgment absolute for the respondent. Id.

We have carefully examined the case for this purpose, and while we find many grave and serious errors committed on the trial which were not at the time pointed out by sufficient and appropriate objections, we also find some that were properly raised and which must be considered and decided by us.

Among the most prominent of them was the admission by the referee, against objection, of parol evidence to add to and modify the written contract. With the view of relieving the last clause of such contract from the objection that it might be void for want of mutuality, the plaintiff sought to give in evidence an alleged conversation had between George P. Holcombe and said Landon on the same day, but after the execution of the written contract. Mrs. Holcombe, who was the first witness called to prove it, was asked the following question : " What, if anything, was

said there as to the amount of coal he wanted your husband to furnish under the twelve cent clause of the contract ? "

The question was objected to by the defendants " as immaterial and improper, and as it calls for the conclusion of the witness." The objection was overruled and the defendants excepted.

We are of the opinion that the question was objectionable, and that the grounds of the objection were sufficiently stated to raise the question of its admissibility. The question purported on its face to call for parol evidence qualifying, limiting and affecting the provisions of a written contract. It was plainly intended thereby to give proof of such parol agreement, outside of the written contract, varying or explaining its meaning and effect. Such evidence was both improper and incompetent.

The grounds of the objection could not have been misunderstood, either by the court or the parties ; and the objection could not have been obviated so as to make such evidence admissible. The question in terms called for oral proof to supplement the provisions of a written contract, and to the proposition, plainly implied from the question, the defendants objected that such evidence was immaterial and improper, as it unquestionably was.

The object of the rule requiring objections to evidence to be made specific and to point out the precise defect existing therein, is to prevent surprise and enable the party offering it to obviate such difficulties as are merely formal and can be cured by reforming the question, or which by further proof can be removed and the question rendered competent. People *v.* Beach, 87 N. Y. 512 ; Bergmann *v.* Jones, 94 id. 51. In a case where the objection could not be obviated by any means within the power of the party offering the evidence, in order to raise the question of its admissibility it is sufficient to make a general objection thereto. Quinby *v.* Strauss, 90 N. Y. 664 ; Tooley *v.* Bacon, 70 id. 34 ; Merritt *v.* Seaman, 6 id. 168.

The clause of the contract in question was complete in all its parts and needed no additional evidence to make it plain and intelligible. The plaintiff's assignor was to furnish coal to the defendants at cars furnished by them, and they were to receive all he should deliver, and pay for it at the rate of twelve dollars per hundred bushels on the fifteenth of each month after delivery. The proposed evidence tended to contradict the terms of the contract and limit the quantity deliverable by the vendor to one hundred thousand bushels. The fact that a written contract is unenforceable by reason of some vice expressed in it does not authorize the introduction of parol evidence to eliminate such objection. It is only where the contract is obviously incomplete and imperfect by reason of the absence of some provision which, it is apparent, the parties must have contemplated as a part thereof, that parol evidence may be admitted to supply the defect. This is a salutary and beneficial rule and should neither be disregarded nor evaded.

It is a familiar and fundamental rule of evidence that a written contract cannot be explained, modified or contradicted, either as to its express or implied terms, by parol evidence, and it is immaterial whether the proposed parol modification purported to have been made before, at the time of or after the date of the execution of the instrument. Mott *v.* Richtmyer, 57 N. Y. 50.

The plaintiff made no suggestion that the evidence called for came within any of the exceptions to the rule, and even if he had it would not have availed him anything, for the contract proposed to be proved is required by the statute to be in writing, and it is not competent by parol to add to such a contract any provision whatever. Drake *v.* Seaman, 97 N. Y. 230.

The further objection that the contract proved was void by the statute of frauds as embracing a sale of personal property amounting to more than fifty dollars in value, was not available until after the evidence had disclosed the nature

of the contract, and we think that after that time, within the decision in Bommer *v.* Am. Spiral Hinge Mfg. Co. (81 N. Y. 468), that objection was not properly taken.

That the admission of this evidence constituted a material error is manifest from the fact that the referee awarded damages to the amount of $2,000 for a breach of this parol agreement.

We are also of the opinion that other evidence was improperly admitted in support of the plaintiff's cause of action. The case was tried upon the theory that the plaintiff was entitled to recover as damages the difference between the cost to him of cutting and manufacturing into coal all of the timber growing upon the several parcels of land described in the contract, and the prices therein provided to be paid for the coal manufactured therefrom. It, therefore, became a very material question on the trial to determine the quantity of wooded land embraced in these lots, the quantity of wood per acre growing thereon and the number of bushels of coal which it was capable of producing. The evidence differed widely upon each of these questions, some witnesses placing the quantity of wood as low as eighteen cords, and others estimating as high as forty cords per acre. Several witnesses who had examined a piece of land pointed out to them as the Jolls lot, were called to testify to the number of acres of wooded land therein contained and the number of cords of wood which in their judgment it would produce per acre. They gave material evidence in the case as to such quantities favorable to the plaintiff's contention. At the same time they testified that they had no knowledge of the location of the Jolls lot or its dimensions, and that their only information in regard to it was derived from statements made to them by a third person. There was no evidence that this person pointed out the Jolls lot accurately, or indeed that he had any knowledge of its location or dimensions, and he was not sworn as a witness upon the trial.

A motion was made by the defendants to strike out the evidence of these witnesses in respect to the location and estimation of quantities of wood on the lot upon the ground that they had no such knowledge of the facts as entitled them to give an opinion upon those subjects. This motion was denied by the court and the defendant excepted. We see no answer to this exception. The testimony of the witnesses constituted no legal proof of the facts testified to by them, and it should have been stricken out upon the defendants' motion. There was no attempt on the trial to supply by other evidence the manifest insufficiency of this testimony, and no suggestion that it could or would be done. The essential element of knowledge on the part of the witnesses of the facts testified to was wanting and rendered the evidence merely hearsay and incompetent.

We might specify other exceptions which appear to us to be well taken, but those already mentioned are sufficient to show that the order of reversal made by the general term was authorized by manifest errors committed by the referee and require the affirmance of its order for a new trial by this court. We have deemed it unnecessary to refer to the questions discussed in the opinion below, as we have serious doubts as to the sufficiency of the exceptions taken to some of those questions. The order of the general term is, therefore affirmed, and judgment absolute for the defendants ordered.

MILLER and FINCH, JJ., concur; RAPALLO, J., concurs in result; EARL and DANFORTH, JJ., dissent; ANDREWS, J., not voting.