BULLOCK *et al.* v. OPPMAN *et al.*

*(Supreme Court, General Term, First Department. May 18, 1888.)*

APPEAL—REVIEW—OBJECTIONS NOT RAISED BELOW.

Under an objection to the admission of a letter written to plaintiffs by their agent, who had been examined under a commission, on the ground that it was a letter writ-

ten after the arrival of the goods for the price of which the action was brought, "that it was a letter by the agent, who swears to a certain contract, and is offered to contradict him as to what the contract was,"—plaintiffs, on appeal, cannot avail themselves of an exception that the letter was inadmissible because of the omission to question the writer while under cross-examination, nor was it then produced so that he could inspect it.

Appeal from circuit court, New York county.

Action on contract by Thomas O. Bullock and others against A. W. Oppman and others. Verdict and judgment having been rendered for defendants, and motion for new trial denied, plaintiffs appeal.

Argued before VAN BRUNT, P. J., and MACOMBER and BARTLETT, JJ.

William A. Abbott, for appellants. · William H. Townley, for respondents.

BARTLETT, J. Three causes of action are set out in the complaint. The first is for $18.70, being the purchase price of 12 bags of rice alleged to have been sold and delivered by the plaintiffs to the defendants; the second is for $139.56, being a balance claimed to be due on the sale of a car-load of broken rice; and the third is for $991.87, being the entire value of another car-load of rice sold and delivered, as the plaintiffs claim, under an agreement whereby the defendants bought of them five car-loads of rice, but accepted only two, and refused to take or pay for the third car-load. As to the first cause of action, the defense was that the 12 bags of rice in question were used by the defendants (who are brewers of Cleveland, Ohio,) as samples; and, the grain having proved unsuitable for brewing purposes, the plaintiffs agreed to make no charge for the comparatively small quantity contained in these 12 bags. As to the second cause of action, the defendants pleaded payment. As to the third cause of action, they interposed a general denial. Upon conflicting testimony, the jury determined each issue in favor of the defendants; and we find no reason to interfere with the verdict, unless an error was committed, available to the appellants, in admitting in evidence, against their objection, a portion of a certain letter written to them by their agent in Cleveland, one Timothy Ingraham, through whom the alleged contract between the parties was made. That the defendants agreed to take one car-load of rice, and actually did take two, is not disputed. According to the deposition of Mr. Ingraham, taken before a commissioner in Ohio, the agreement went further, and bound them to accept and pay for five loads, to be sent to Cleveland five weeks apart. In order to contradict his testimony to this effect, the defendants offered in evidence a letter written by him to the plaintiffs, his principals, in which he said: "I told you repeatedly, and tell you again, that the rice was to be shipped as they wanted it, and I would notify you in all cases when to ship." The plaintiffs objected, but the court admitted that part of the letter which has been quoted, and the plaintiffs duly excepted. They now insist that it was error to receive this evidence in contradiction of Mr. Ingraham's testimony, inasmuch as he was not questioned with reference to the letter when cross-examined upon the interrogatories annexed to the commission, nor was the letter then produced so that he could inspect it. Pendleton v. Dressing Co., 19 N. Y. 13, 18; Gaffney v. People, 50 N. Y. 416, 423. But the objection taken to the admission of the letter was not such as to render their exception available to the appellants. They did not object on the ground that the attention of the witness Ingraham had not been called to the letter, or that it had not been shown him, or, in more general terms, that a proper foundation had not been laid for its admission, or even that the evidence was incompetent. The objection actually made is stated in the record as follows: "Objected to on the ground that it is a letter after the arrival of the car. It is a declaration of Mr. Ingraham, the agent, who swears to a certain contract. It is offered to contradict him as to what the contract was between these parties." Here there was no reason specified or suggested which should have led the court to exclude the letter. Nor was there any intimation that the

basis of the objection was the omission to produce the letter for Mr. Ingraham's inspection, and cross-examine him with reference thereto, before the commissioner. It is true that the objection probably could not have been obviated even if it had been put upon this ground, as Mr. Ingraham presumably was out of the jurisdiction; but it does not necessarily follow that the objection is to be deemed sufficient. Says ANDREWS, C. J., in the case of *People* v. *Beach*, 87 N. Y. 508, 512: "There are often technical objections to questions, which, upon being suggested, will at once be acquiesced in, or induce a change in the form of the question or mode of proof by which the objection is obviated. In such cases, common fairness, and the due administration of justice, require that the party should, by specifying the ground of the objection, bring the attention of the court directly to the point; and, if he omits to do so, he is justly deprived of the benefit of his objection." The facts in the case at bar require the application of this statutory rule, and the exception to the admission of the letter in question must be deemed ineffectual.

The judgment appealed from should be affirmed, with costs. We find no order denying a motion for a new trial in the record before us, although there is a statement to the effect that such a motion was made and denied. Assuming the existence of an order denying said motion, it should also be affirmed.

VAN BRUNT, P. J., and MACOMBER, J., concur.