EDMUND K. STEDMAN, Appellant, *v.* FRANK B. RANNEY, Respondent.

*Evidence as to part of a conversation — statements explanatory thereof are competent.*

Where a part of a conversation has been given in evidence upon the trial of an action, any other or further part of it may be given in reply which in any way explains or qualifies the part first given, but detached and independent statements, in no way connected with the statement given, are not admissible in evidence.

APPEAL by the plaintiff, Edmund K. Stedman, from a judgment of the County Court of Oneida county in favor of the defendant, entered in the office of the clerk of the county of Oneida on the 23d day of December, 1893, upon the decision of the court reversing the judgment of a justice of the peace of the town of Annsville, Oneida county.

*S. E. Spinning,* for the appellant.

*M. H. Powers,* for the respondent.

MARTIN, J.:

This action was commenced before Samuel Ferguson, Esq., a justice of the peace of the town of Annsville, Oneida county, N. Y., to recover for damages to the plaintiff's cutter alleged to have been caused by the defendant's negligence in not properly and securely fastening his horse, whereby it became loose and committed the injury for which the plaintiff sought to recover.

The defendant denied the allegations of the plaintiff that the injury to his cutter was caused by the defendant's negligence; alleged that the plaintiff was guilty of contributory negligence, and that the injury was caused, not by the defendant's horse, but by some other means.

Thus, the principal issues in this action were: (1) Whether the plaintiff's cutter was injured by the defendant's horse, and, if so, (2) whether the defendant was guilty of negligence and the plaintiff free from contributory negligence.

The only witnesses who gave any evidence upon these issues were the plaintiff and defendant. On the direct examination of the plain-

tiff, after having testified that he found the defendant's horse loose, immediately behind his cutter, and the upholstering of it torn, and after describing the extent of the injury, he testified to having had a conversation with the defendant at that time. He then testified : "I had another conversation with defendant, I think on the eighth of March. He said he did not want me to mention that his horse did the damage." On the cross-examination he was asked : "Was there any further conversation between yourself and Ranney on .March eighth, except what you have stated ? A. There was a conversation. Q. In that conversation between yourself and defendant on March 8, 1893, of which you have given a part, who spoke first, and what did he say ? Objected to as immaterial and improper, assuming a fact not shown to exist, unless it relates to the matter in issue. Objection sustained. Q. What was said, if anything, between yourself and defendant on that occasion, before defendant told you he did not want you to mention again that his horse damaged your cutter ? Objected to same as last above. Objection sustained." From these questions and rulings it appears that the plaintiff was permitted to testify to a single sentence of a conversation had between the parties, while from the plaintiff's own evidence it is manifest that it was but a part of the conversation, and that the defendant was prevented from asking the plaintiff upon his cross-examination for the whole of it. On the ground that the ruling was erroneous, the County Court reversed the judgment of the justice.

The rule relating to proof of conversations of a party originally was that such conversations being evidence against him in a suit, if counsel ask a witness as to anything which might have been said by an adverse party, the counsel for that party had a right to lay before the court all that was said in the same conversation, not only so much as might explain or qualify the matter introduced by the previous examination, but even matters not properly connected with the part introduced upon the previous examination, provided only that it related to the subject-matter of the suit. The reason given for this rule was that it would not be just to take part of a conversation as evidence against a party, without giving to him at the same time the benefit of all that was said on the occasion. This rule was subsequently held to be too broad, and the rule as it now exists seems to be that where a part of a conversation has been given in evidence,

any other or further part of it may be given in reply which would in any way explain or qualify the part first given, but that detached and independent statements, in no way connected with the statement given, are not admissible. (*Rouse* v. *Whited*, 25 N. Y. 170; *Starin* v. *The People*, 45 id. 333, 340; *Platner* v. *Platner*, 78 id. 90, 103; *The People* v. *Beach*, 87 id. 508, 512; *Grattan* v. *Metropolitan Life Ins. Co.*, 92 id. 274, 284.)

We think the decision of the justice was in conflict with this rule. The defendant, upon the cross-examination of the plaintiff, was entitled to prove by him the whole conversation as to which he had testified, as it is manifest that the purpose of the examination was to give the whole instead of an isolated sentence of it, and thereby to qualify or explain it, and not to prove by the witness any detached or independent statement not connected with that given.

Moreover, the effect of this ruling was to entirely deprive the defendant of the right to cross-examine the plaintiff as to the conversation of which he had given a part. He was prevented from proving how the conversation arose, why and under what circumstances the statement was made and what was said which led up to it. We think the defendant should have been permitted to thus cross-examine the plaintiff. The right of cross-examination is justly regarded as one of the most efficient tests which the law has devised for the discovery of truth, and a party should not be arbitrarily deprived of it. Although the extent to which a cross-examination may be carried is largely within the discretion of the trial court, yet where, as in this case, the court has practically deprived a party of that right, it is error. We think the County Court was right in reversing the judgment, and that the judgment of that court should be affirmed.

This conclusion renders it unnecessary to consider the other questions suggested by counsel in their briefs.

HARDIN, P. J., and MERWIN, J., concurred.

Judgment of the County Court affirmed, with costs.