SARAH McGUIRE, Respondent, *v.* THE BROOKLYN HEIGHTS RAIL-
ROAD COMPANY, Appellant.

*Evidence — opinion of a physician, based upon " the facts stated and testified to," as
to the cause of an hysterical attack — sufficiency of an objection.*

On the trial of an action brought to recover for personal injuries sustained by
reason of a collision on the defendant's road, the record stated that "the plain-
tiff was carried out in an apparently hysterical condition," and on the follow-
ing day a physician, who had been called as an expert witness for the plaintiff,
after stating that he was in court when the plaintiff had the attack, was asked
"What was that?" and answered, "That was a form of fit which is known
as hysterœpileptic, or hysteromajor." He was then asked, "Now, doctor,
from your examination of Mrs. McGuire (the plaintiff), and the facts stated
and testified to here, what do you say was the cause of that?" This ques-
tion was objected to on the ground that it was incompetent and immaterial;
that no proper foundation had been laid for it, and that it was not a subject of
opinion, which objections were overruled, and the physician answered,
"Some severe bodily injury."

*Held,* that the question, based upon "the facts stated and testified to" in the
case, was improper, and that the evidence should have been excluded;

That, as the question was in its essential nature incompetent, and the evidence
clearly inadmissible, the objection taken was sufficient to present the question
of its competency on appeal.

APPEAL by the defendant, The Brooklyn Heights Railroad Com-
pany, from a judgment of the Supreme Court in favor of the
plaintiff, entered in the office of the clerk of the county of Kings on
the 24th day of January, 1898, upon the verdict of a jury for
$6,000, and also from an order entered in said clerk's office on the
21st day of February, 1898, denying the defendant's motion for a
new trial made upon the minutes.

The action was brought to recover damages for personal injuries
sustained by the plaintiff through the alleged negligence of the
defendant.

*Charles A. Collin,* for the appellant.

*Samuel D. Morris,* for the respondent.

GOODRICH, P. J.:

The plaintiff, on August 5, 1896, was a passenger on one of the
defendant's cars, which was run into by another car of the defendant.

She was thrown down and received serious injuries.    At the trial
the defendant admitted its responsibility, the amount of the plain-
tiff's damages being the only real question involved.  The jury gave
a verdict of $6,000 for the plaintiff, and a motion was made for a
new trial on the usual grounds.

The appellant's counsel contends that it was error to admit certain
evidence.    The trial occupied two days.    On the first day, as the
record shows, " the plaintiff was carried out in an apparently
hysterical condition."    On the following day Dr. Brush was examined
as an expert witness for the plaintiff ; he examined her condition on
November 12, 1897, and gave evidence in relation thereto.    He
made no other examination until the trial, when he went out with
her at the time of her leaving the court room..    The following testi-
mony gives rise to the defendant's chief contention of error :

By plaintiff's counsel :  " Q.  Doctor, you were in court yesterday
afternoon ?    A.  Yes, sir.    I was here when Mrs. McGuire had
this attack.    I went out into the room with her where she was.    Q.
What was that ?    A.  That was a form of fit which is known as
hysterœpileptic or hysteromajor.    Q.  Now, doctor, from your
examination of Mrs. McGuire and the facts stated and testified to
here, what do you say was the cause of that ?    Mr. Thomas :  I
object to it as incompetent and immaterial ; no proper foundation
laid for the question and not a subject of opinion.  [Objection over-
ruled.    Defendant excepts.]    A.    Some severe bodily injury.    Q.
That is one of the results of the injury to which you refer ?  [Same
objection, ruling and exception.]    Q.  Was that one of the results —
was it the result of her present condition ?    A.  Yes, sir."

There can be no doubt, under the authorities cited below, that
the question was improper.    In *People* v. *McElvaine* (121 N. Y.
250) the objectionable inquiry was :  " Q.  Now, are you able to say
whether in your judgment, based upon all the testimony, the acts
of the defendant on the night of the homicide, the testimony as to
his past life given by the witnesses in his defense, and based upon
the whole case, whether this young man is sane or insane ? "

The objection was :  " I object, as it is not a question properly put.
*    *    *    It is too vague and indefinite.    In order to put a hypo-
thetical question properly, so say the Court of Appeals, it must
consist of specially proven facts, which come within the pale of the

proof, not where a person for instance is permitted to give an anomalous opinion."

The question was then propounded : " Based upon the whole testimony of the prosecution and the defense, including the hypothetical question put by Judge CURTIS (defendant's counsel) and everything that you have heard sworn to here, now will you answer the question ?  The defense excepts."  The court above said (pp. 255, 256) : " We cannot doubt but that this question was improper.  The witness was thus permitted to take into consideration all the evidence in the case given upon a long trial extending over nine days, and, upon so much of it as he could recollect, determine for himself the credibility of the witnesses, the probability or improbability of their statements, and drawing therefrom such inferences as, in his judgment, were warranted by it, pronounce upon the sanity or insanity of the defendant.  It cannot be questioned but that the witness was, by the question, put in the place of the jury and was allowed to determine upon his own judgment what their verdict ought to be in the case.  It hardly needs discussion or authority to show the impropriety of this question."

In *Reynolds* v. *Robinson* (64 N. Y. 589, 596) the court said : " His opinion may be obtained by stating to him a hypothetical case, taking in some or all the facts stated by witnesses and claimed by counsel putting the question to be established by their evidence, and when the question is thus stated, the witness has in his mind a definite state of facts, and the province of the triers, whether referees or jurors, is not interfered with."

In *Guiterman* v. *Liverpool, etc., Steamship Co.* (83 N. Y. 358, 365) it was stated that it is not the province of an expert witness " to draw inferences from the evidence of other witnesses, or to take in such facts as he can recollect, and thus form an opinion."

In *Gregory* v. *N. Y., L. E. & W. R. Co.* (28 N. Y. St. Repr. 726) the court held : " An expert witness cannot be asked to give an opinion based upon what he has heard other witnesses testify.  Such opinion must be based on a hypothetical question containing facts which are assumed to have been proven."

From these authorities it is clear that the question was improper and that the evidence should have been excluded.

But the respondent contends in his brief that, " If it were possi-

ble to view the question as having reference to any other statement in the testimony, the defendant's counsel should have specifically called the court's attention to that possibility, in order that the question might be modified and any misunderstanding of it obviated."

There is no doubt of the general rule that a party objecting to evidence must specify the ground of his objection, so as to bring the attention of the court to the point involved, and that if he omits to do so he will be deprived of the benefit of his objection. (*People* v. *Beach,* 87 N. Y. 508; *Turner* v. *City of Newburgh,* 109 id. 301.) In *People* v. *Beach* the objection was simply a general objection, and the court said (p. 513): " If the objection had been made in terms, on the ground that the evidence was incompetent, the sufficiency of the objection could not have been questioned, and the objection, as made, necessarily implied this. Neither the court nor prosecuting attorney could have been misled as to the point of the objection." The court held the objection sufficient.

In *Turner* v. *City of Newburgh (supra)* the court said (p. 308): " These objections, * * * were general and failed to specify any grounds. This court has held that where the objection to evidence is general and it is overruled, and the evidence is received, the ruling will not be held erroneous, unless there be some grounds which could not have been obviated had they been specified, or unless the evidence in its essential nature be incompetent."

In *Ward* v. *Kilpatrick* (85 N. Y. 413, 417) the court said: " An objection was made generally, and without assigning any ground of error. If that had been done the difficulty might have been obviated."

The Court of Appeals, in *Matter of Will of Snelling* (136 N. Y. 515, 518), passing upon an objection to the question: " Assuming their testimony to be true, and basing your opinion upon such testimony, what would you say as to the mental condition of Mary Snelling, say in June, 1890 ?" said: " This question was objected to by the counsel for the contestants; and while the form in which the objection was made is quite inartistic, there can be no doubt as to what was intended, and we think was sufficient to challenge the competency of the testimony sought to be elicited."

The rule is well established that even where a general objection is made to the admission of evidence it is sufficient if the evidence

is in its nature inadmissible, and the nature of the objection could not have been misunderstood by the court, and where, if the ground had been specified, it could not have been obviated. The question under examination falls within this category. It was in its essential nature incompetent, and the evidence clearly inadmissible.

I have thus far considered the exception as if there had been only a general objection, but there was a specific objection, that the evidence was incompetent and that no proper foundation had been laid for the question. Either of these grounds, in my opinion, was sufficiently specific to point the attention of the court to the nature of the objection, for the competency of such a question depends upon its structure; and the structure of the question, in view of the numerous authorities cited and many others which it is unnecessary to cite, was so glaring an infringement of the rules of evidence that an objection, either that the question was incompetent or that no foundation had been laid, was a sufficient specification of its viciousness.

In *Cushman* v. *U. S. Life Ins. Co.* (70 N. Y. 72, 80) this precise form of objection was considered on the converse of the proposition. The court said :  " But the objection was a mere general one ; it did not specify that *no proper foundation* had been laid for the evidence, and hence is not available here as ground of error."

The admission of the answer to the question above mentioned was, therefore, reversible error.

All concurred, except BARTLETT, J., absent.

Judgment and order reversed and new trial granted, costs to abide the event.