JOHN GREGORY, RESPONDENT, v. THE NEW YORK,
LAKE ERIE AND WESTERN RAILROAD COMPANY,
APPELLANT.

*Action to recover damages arising from defendant's negligence — evidence of a medical
expert cannot be based upon his understanding of the other evidence given in
his hearing — hypothetical questions must be asked — he may not testify to the
consequences (unless reasonably certain) of the injury — charge as to capitalizing
damages.*

In an action, brought to recover damages for personal injuries sustained by the
plaintiff in consequence of the defendant's alleged negligence in allowing a coal-
hole to be left open on one of its ferry-boats, into which the plaintiff fell, a
physician, called as an expert on behalf of the plaintiff, was asked: "Have you
heard all the medical men testify here on this trial giving a description of the
nature of the disease with which Gregory (the plaintiff) was afflicted, and
the other witnesses as well? A. I have listened to everything that has occurred
in this case while being here; I mean while this case was on in court, from
Monday until now. Q. From the testimony that you have heard, what do you
say was the trouble, or with what was Gregory afflicted, before June 9, 1884 (the
date of the accident)?" Also the following question: "In view of the evidence
that was given here on the trial, what was Mr. Gregory suffering from on
the 9th of June, 1884?" These questions related to the condition of the plaintiff's
knee prior to June, 1884, when the cause of action arose against the defendant.
*Held,* that such questions were improperly allowed.
That an opinion, such as was called for by the questions above set forth, must be
given in reply to a hypothetical question containing facts which are assumed to
have been proved; that it is not the province of the witness to reconcile and
draw inferences from the evidence of other witnesses.
The witness was also asked: "What is the probable result of such an injury?"
*Held,* that the witness was improperly allowed to answer this question; that, to
entitle the plaintiff to recover present damages for apprehended future conse-

quences, there must be such a probability of their occurring as amounts to a reasonable certainty that they will result from the injury; that, as it appeared from the answer given by the witness that a dislocation might take place from time to time unless the limb was well secured, well bandaged; and, furthermore, that there might be degeneration of the cartilage so that it might not be able to perform its functions for the reason that it did not receive its natural supply of nutrition; and, further, if operations were not successful, upon a condition of the bones and cartilage described, an amputation of the leg would be necessary, it did not present a case of apprehended future consequences where there was such a degree of probability of their occurring as amounted to a reasonable certainty that they would result from the injury.

That an objection to the charge of the court to the jury, which suggested to the jury a capitalization of the plaintiff's earnings, and that they might give him a sum which would not only be equal to what the earnings had been in previous years, but would be sufficient to support him from year to year, was erroneous, as it would require a payment to be made representing not only the difference between the annual value of the plaintiff's services before and since the injury, but, in addition, a gross sum sufficient to produce that interest at the legal rate of interest.

*Houston and Texas Railroad Co.* v. *Burke* (9 Am. & Eng. Railroad Cas., 369) followed.

APPEAL by the defendant from a judgment entered, after a trial at the New York Circuit before the court and a jury, in the office of the clerk of the county of New York on May 3, 1886, in favor of the plaintiff for $5,000 recovery and costs, and from an order dated April 29, 1886, denying defendant's motion to set aside the verdict and for a new trial.

*Charles Steele*, for the appellant.

*Chauncey Shaffer* and *Jacob Fromme, Jr.*, for the respondent.

BRADY, J.:

This action was brought to recover damages for personal injuries sustained by the plaintiff in consequence of the defendant's negligence in allowing a coal-hole on one of its ferry-boats to be left open, into which the plaintiff fell, injuring himself severely. For the purpose of disposing of this appeal it is not necessary to give a detailed statement of facts and circumstances disclosed by the evidence relating thereto. It is sufficient to say that the questions of negligence and contributory negligence were made the subject of evidence and discussion, and were properly submitted to the jury for their determination by the justice presiding at the trial.

The obstacles to the maintenance of the judgment, considered without reference to others urged, are two exceptions to the admission of evidence which seems to have been improperly received.

It appeared upon the trial that the nature of the injury which the plaintiff received by the fall described was the subject of conflicting evidence in reference to which experts entertaining different opinions were examined.

It appeared also upon the trial that the plaintiff had received an injury in the year 1883 affecting his left knee, which was the injured part, and the question arising thereupon in connection with the accident which formed the subject of this action was, whether the latter caused the displacement of the cartilage in the plaintiff's left knee, or whether it was due to the first accident, namely, that which occurred in 1883. Upon that subject Dr. Lesser, an expert, was called on behalf of the plaintiff, and the following questions were asked, answers given, objections made and exceptions taken :

Direct-examination by Mr. Fromme :

"I heard the testimony of Dr. Abbe. Q. Have you heard all the medical men testify here on this trial, giving a description of the nature of the disease with which Gregory was afflicted, and the other witnesses as well? A. I have listened to everything that has occurred in this case while being here; I mean while this case was on in court, from Monday until now Q. From the testimony that you have heard, what do you say was the trouble, or with what was Gregory afflicted before June 9, 1884? (Objected to as incompetent and irrelevant and improper, and not proper in form ; objection overruled; defendant excepts.) A. I don't know whether you refer to the evidence given by the physicians only. Q. By all of them up to June 9, 1884? A. I have no positive cause to believe that such a thing as subluxation of the semi-lunar cartilage had existed preceding the accident of June ninth. Q. In view of all the evidence that was given here at the trial, what was Mr. Gregory suffering from on the 9th of June, 1884? (Objected to as incompetent; objection overruled; defendant excepts.) A. That he was suffering on that day from the subluxation of the semi-lunar cartilage causing synovitis, and all the other symptoms which I have already explained associating the difficulty."

These questions related to and called for an opinion upon an important issue between the parties, viz., whether the condition of plaintiff's knee existed prior to June, 1884, when his cause of action arose against the defendant; whether, in other words, it was not the result of prior accidents which had been proven, and, therefore, not wholly caused by the negligence complained of herein.

That such a question as the first one asked, followed by the others, in order to extract an answer to it, was improperly allowed, is established by the cases of *Guiterman* v. *Liverpool Steamship Company* (83 N. Y., 358); *Strohm* v. *New York, Lake Erie and Western Railroad Company* (96 id., 305); *Reynolds* v. *Robinson* (64 id., 589). The rule is well established when an opinion such as is called for by the questions narrated is desired, that it must be upon a hypothetical question containing facts which are assumed to have been proven. It is not the province of the witness to reconcile and draw inferences from the evidence of other witnesses, and which would necessarily allow him to determine what facts were established by the evidence so far as he could recollect it. If the question had been based upon an assumption that certain facts stated were proved, as was done in the case of *Uransky* v. *Dry Dock Railroad Company*,\* decided in this department, and reported in the Daily Register of August 8, 1887, the exception now considered would have been unavailing. (See, also, *Brown* v. *N. Y. C. R. R. Co.*, 32 N. Y., 598, 602.)

It will have been perceived that the witness was asked, in view of all the evidence given on the trial, "What was Mr. Gregory suffering from on the 9th of June, 1884?" and this question, as already suggested, is violative of the rules of evidence established by the cases referred to, and the exception was well taken.

There is a further exception which is presented in this way:

"The plaintiff's witness, Lester, was then asked: Q. What is the probable result of such an injury? A. The possible result? Q. I will amend my question by saying, What is the possible result? A. The possible result is — 'Mr. Shaffer, I will confine it to the probable result.'" The witness was then allowed to state as follows: "That this cartilage can never adhere again to the bone, and that a dislocation may take place from time to time unless well secured; that

---

\* 44 Hun, 119 — [Rep.

is, well bandaged; and even if so, either a slight turn or twist of the leg can dislocate it again. Furthermore, inasmuch as it does not receive its natural supply of nutrition, we may have degeneration taking place in the cartilage so that it cannot perform its function. From that, if the bone exists without the cartilage and anchylosis, or rather stiffening of the entire leg, the upper and lower portion of it not being secured, we may have an inflammation of the upper portion of the bone upon which this cartilage is attached, and resulting in caries-necrosis, which, of course, may eventually, if operations are not successful, terminate in requiring the leg to be amputated."

This was objected to as incompetent, irrelevant and immaterial. The objection was overruled and an exception taken. The exception seems to be sustained by the case of *Strohm* v. *New York, Lake Erie and Western Railroad Company* (*supra*).

The rule is there stated to be that to entitle the plaintiff to recover present damages for apprehended future consequences there must be such a probability of their occurring as amounts to a reasonable certainty that they will result from the injury. In that case Dr. Spitzka, who had personally examined the plaintiff, was asked what were the symptoms related to him and described in a hypothetical question indicated, to which he answered. And, subsequently, being asked as to the permanency of the condition of the plaintiff, said it was " very likely " to be permanent. The further question was then put to him : " What do you mean by ' very likely ? ' " He answered : " I mean that the boy will always have some remnants of this injury — some reminder of it, great or small. That is certain. How much he will retain I cannot tell, but I think it very likely he will retain." The witness was interrupted by an objection from the defendant's counsel to the words " very likely " as entirely too speculative. The court overruled the objection and an exception was taken. The exception was held to be good, the answer of the witness being responsive.

An examination of the answer given herein will show it to have been speculative and hypothetical, namely, that a dislocation might take place from time to time unless well secured, well bandaged; and, furthermore, that there might be degeneration of the cartilage so that it could not perform its functions, for the reason that it did not receive its natural supply of nutrition ; and, further, if operations

were not successful upon a condition of the bones and cartilage described, an amputation of the leg might be necessary. This does not present a case of apprehended future consequences where there is such a degree of probability of their occurring as amounts to a reasonable certainty that they would result from the injury.

The counsel for the defendants presents another serious objection to the charge of the learned judge in which, in effect, he suggested to the jury a capitalization of the plaintiff's earnings and to give him a sum which would not only be equal to what they had been in previous years, but would be sufficient to support him from year to year. The question presented by this objection was considered and decided in the case of the *Houston and Texas Railroad Company* v. *Burke* (9 Am. & Eng. R. R. Cas., 369.) In that case the court instructed the jury that they might ascertain the value of the plaintiff's services to himself before the injury and the value of his services since, ascertain the difference and then give such a sum as would, at legal interest, produce a sum equal per annum to that difference; and this was held to be error.

The court said: "Resulting from the application of that rule, appellant would not only be required to pay the annual difference between the value of appellee's services before and since the injury, but, in addition, a gross sum sufficient to produce that difference at the legal rate of interest."

The learned justice in the case at bar, when exception was taken to these suggestions to the jury, said that they were given to them as an illustration. But it is very clear that it was misleading, and the learned counsel for the defendant excepted to the illustration particularly.

It seems to be impossible, with these exceptions thus sustained by well adjudicated cases, to uphold this judgment. This result renders it unnecessary to examine other exceptions which have been taken, some of which seem to be equally formidable as those already considered.

For these reasons the judgment should be reversed and a new trial ordered, with costs to appellant to abide event.

VAN BRUNT, P. J., and DANIELS, J., concurred.

Judgment reversed and new trial ordered, with costs to appellant to abide event.