The judgment should be reversed and new trial ordered.

VAN BRUNT, Ch.J., and DANIELS, J., concur.

## Court of Appeals.

*April,* 1890.

## PEOPLE v. McELVAINE.*

*Hypothetical question to medical expert—upon what it must be based.*

It is not competent in any case to predicate a hypothetical question to an expert upon all the evidence in the case, whether he has heard it all or not, upon the assumption that he then recollects it, for it would then be impossible for the jury to determine the facts upon which the witness bases his opinion and whether such facts were proved or not.

Specific facts, either proved or assumed to have been proved, should be embraced in such a question.

Where, upon a trial for murder, where the defence is insanity, an expert witness is asked whether in his judgment "based on all the testimony,' and on "the whole case," he thinks the defendant is sane or insane, this is error which is not cured by proving that in answering the question the witness assumed the truth of the testimony given by the defendant's witnesses.

Appeal by defendant, Charles McElvaine, from a judgment of the court of sessions of Kings county, entered

* The opinion of the court of appeals on a subsequent appeal is given at p. 156 *infra.*

23d October, 1889, upon a verdict convicting defendant of the crime of murder in the first degree.

The facts are sufficiently given in the opinion of the court.

*George M. Curtis*, for defendant appellant.

*James W. Ridgway (district attorney)*, for the people, respondent.—Where an accused prisoner is supposed to be insane, a medical man, who has been present in court and heard the evidence, may be asked as a matter of science whether the facts stated by the witness, supposing them to be true, show a state of mind incapable of distinguishing between right and wrong (McNaughton's Case, 10 *C. & F.* 200; U. S. *v.* McGlue, 1 *Curtis C. C.* 1; Hunt *v.* L. G. L. Co., 8 *Allen*, 169; Woodbury *v.* Obear, 7 *Gray*, 467; Weatherby *v.* Weatherby, 38 *Vt.* 454; Fairchild *v.* Bascom, 35 *Id.* 378; Heald *v.* Thing, 45 *Me.* 392, 395, 396; People *v.* Thurston, 2 *Park.* 49; People *v.* Lake, 12 *N. Y.* 358.)

RUGER, C.J.—The defendant upon trial was convicted of the crime of murder in the first degree for having killed one Luca in his own house in Brooklyn, about 3 o'clock in the morning of the 23d day of August, 1889. The evidence showed that the defendant entered the house through a window in the second floor, by means of a ladder, which he found on the premises, and that such entrance was effected by forcibly removing a wire screen from the window. Access to this window was obtained from a back yard into which an unlocked gate opened from the street. The deceased was killed by stabs with a knife inflicted upon him while endeavoring to forcibly prevent the escape of the accused from the room which he first entered. Twelve stabs were given, of which four were described to have been mortal. The defendant was positively identified by two persons who saw him in the act of inflicting the wounds, and

was immediately arrested by the police officers in the street near the gate, within one hundred feet of the premises, with a bloody knife in his possession. Independent of the confessions subsequently made by the defendant to the police officers and others no doubt could possibly be entertained on the evidence as to the identification of the accused as the person who committed the homicide. No effort was therefore made on the trial to show that he was not the person who caused the death of Luca. The sole defence attempted was the alleged insanity of the accused. Considerable evidence was given on the trial in his behalf, tending to show that he possessed a defective mental organization, and was subject to delusions and hallucinations, which were claimed to be evidence of his insanity. Two witnesses were called on his behalf, as experts, who respectively gave evidence tending to show a belief that he was, to a certain degree, insane. Two expert witnesses were also called on behalf of the prosecution to give opinions upon the question of the defendant's sanity, and each testified that he was, in their opinion, sane. It cannot be questioned but that the evidence of these witnesses was material, and had weight with the jury upon the question of the defendant's mental condition. If these opinions were based upon an erroneous hypothesis, and were founded in any material respect upon indefinite or unascertainable conditions, or upon considerations which were not the proper subject of expert evidence, they must be regarded as having been erroneously admitted.

The only serious objection to the conviction arises upon an exception to the ruling of the court permitting Dr. Gray, a witness for the prosecution, and an expert of high reputation and character, to answer, against objection, a hypothetical question as to the defendant's sanity. The question put by the district attorney, and the proceedings accompanying the question, were as follows: Question. "Now, are you able to say whether, in your judgment, based upon all the testimony, the acts of the defendant on the night of this homicide, the testimony as to his past life

given by the witnesses in his defence, and based upon the whole case, whether this young man is sane or insane?" Mr. Curtis: "I object, as it is not a question properly put." The court. "Why not?" Mr. Curtis. "It is too vague and indefinite. In order to put a hypothetical question properly, so say the court of appeals, it must consist of specifically proven facts, which come within the pale of the proof; not where a person, for instance, is permitted to give an anomalous opinion." The court. "You had better frame the question." Mr. Ridgway. "Then I will ask the stenographer to read all the evidence to this witness." The court. "I don't see why the question is not competent." Mr. Curtis. "The way is to take compact, substantial, concentrated oral proof,—what the learned counsel relies on to prove the defendant is sane." The court. "Where a medical witness, who is called as an expert, has been in court during the whole trial, and heard all the testimony in the case, everything that has been done and said by everybody, I don't see why it is not competent to ask him whether, upon those facts, all he heard testified to, he thinks the defendant is sane or insane. This witness has heard all that has been sworn to by everybody." To the witness. "You have heard all the testimony in the case?" The district attorney. "Pass the whole testimony of the prosecution and the defence, including the hypothetical question put by Judge Curtis, and everything that you heard sworn to here,—now will you answer the question?" (The defence excepts.) A. "I have formed an opinion." Q. "State it." (The defence excepts.) A. "I believe the defendant is sane." Q. "What do you believe he was at the time of the commission of the offence?" A. "I believe he was sane at the time of the commission of the offence." We cannot doubt but that this question was improper. The witness was thus permitted to take into consideration all the evidence in the case given upon a long trial, extending over nine days, and, upon so much of it as he could recollect, determine for himself the creditability of the witnesses, the

probability or improbability of their statements, and, drawing therefrom such inferences as, in his judgment, were warranted by it, pronounce upon the sanity or insanity of the defendant. It cannot be questioned but that the witness was by the question put in the place of the jury, and was allowed to determine, upon his own judgment, what their verdict ought to be in the case.

It hardly needs discussion or authority to show the impropriety of this question, and, indeed, the learned trial judge, at a subsequent stage of the proceedings, emphatically protested against the implication that he had permitted such a question to be put to the witness. A reference to the record, however, shows that the court must then have been laboring under some misconception as to what had really taken place. This might reasonably have happened to any judge from the prejudice excited by the exasperating mode in which the defence was conducted by the prisoner's counsel. The rule as to the conditions governing the formation of hypothetical questions to experts has frequently been discussed and illustrated in the reported cases in this court. It was said by Judge ANDREWS, in the case of People v. Barber (115 N. Y. 491), that "the opinion of medical experts, as to the sanity or insanity of the defendant, based upon the testimony in the case, assumed for the purpose of the examination to be true, was undoubtedly competent. So, in connection with their opinion, they could be permitted to state the reason upon which it was founded. . . . But inferences from facts proved are to be drawn and found by the jury, and cannot be proved as facts by the opinion of witnesses." In Reynolds v. Robinson (64 N. Y. 595), Judge EARL, in speaking of evidence attempted to be given under a hypothetical question, says: "In such a case it is not the province of the witness to reconcile and draw inferences from the evidence of other witnesses, and to take in such facts as he thinks their evidence has established, or as he can recollect and carry in his mind, and thus form and express an opinion. His opinion may be

obtained by stating to him a hypothetical case, taking in some or all of the facts stated by witnesses, and claimed by counsel putting the question to be established by their evidence, and when the question is thus stated the witness has in his mind a definite state of facts, and the province of the triers, whether referees or jurors, is not interfered with." So, too, it was said by Judge MILLER in Guiterman v. Liverpool, N. Y. & Phila. Steam-Ship Co. (83 N. Y. 358), that it is not the province of an expert witness " to draw inferences, or to take in such facts as he can recollect, and thus form an opinion." In Gregory v. N. Y. Lake Erie & W. R. R. Co. (55 Hun, 303), the court hold : " An expert witness cannot be asked to give an opinion based upon what he has heard other witnesses testify. Such opinion must be based on a hypothetical question containing facts which are assumed to have been proven." The case of People v. Lake (12 N. Y. 358), is not an authority for appellant on the question under discussion. The court in that case did not concur in the opinion written, but placed their decision upon two propositions : one of which only bears upon the question here, and that was that " the court of oyer and terminer erred in permitting physicians, who did not hear all the evidence relating to the mental condition of the prisoner, to give opinions as to his sanity, founded on the portion heard by them." The question was not mooted or decided whether, in case they had heard all of the evidence, they could give opinions based thereon ; but it passed off solely upon the question whether a person, who had heard only a part of the evidence upon a trial, could give an opinion based upon the portion of the evidence so heard by him. It is true that an implication may be drawn from the decision that, if the witness had heard the whole evidence, he might properly have given his opinion ; but that question was not in the case, and it falls far short of being an authority on the point.

The case of Sanchez v. People (22 N. Y. 150) is to a similar effect. Two opinions were delivered in that case,

but either of them secured the concurrence of the court. The decision was placed upon the decision in the Hartung Case (*Id.* 95), and had no reference to the question under consideration here. The case of People *v.* Thurston (2 *Park.* 49) was in the supreme court, and failed to secure the concurrence of the court in the grounds upon which it was decided. No rule was therefore legally formulated by the decision, but the inferences to be drawn from the opinions read are plainly opposed to the people's contention here. No other decisions from this state are cited, and we deem it unnecessary to discuss or consider the rules prevailing in other countries, in view of the reported decisions made in our own courts.

An attempt was subsequently made to, in some degree, cure the error committed, by proving by the witness that in answering the question he assumed the truth of the evidence given by the defendant's witnesses; but we think this did not remove the vice inherent in the question. Even as thus affected, it left the uncertainty of his memory as to all the evidence in the case, and the freedom of his judgment as to all other evidence, to give such weight as he should in his own mind determine it was entitled to, and substantially allowed him to usurp the functions of the jury in deciding the questions of fact. . We think it is not competent, in any case, to predicate a hypothetical question to an expert upon all of the evidence in the case, whether he has heard it all or not, upon the assumption that he then recollects it; for it would then be impossible for the jury· to determine the facts upon which the witness bases his opinion, and whether such facts were proved or not. Suppose the jury conclude that certain facts are not proved, how are they, in such an event, to determine whether the opinion is not, to a great degree, based upon such facts? When specific facts, either proved or assumed to have been proved, are embraced in the question, the jury are enabled to determine whether the answer to such question is based upon facts which have been proved in the case or not, and

whether other facts bearing upon the correctness and force of the answer are contained therein or have been omitted from it: but, in the absence of such a question, the evidence must always be, to a certain extent, uncertain, unintelligible, and, perhaps, misleading. We regret that an error of this character is found in a case which was otherwise tried by the learned court with an intelligent understanding of and adherence to the rules of law applicable to the case, and a strict regard to the rights of the accused; but, in compliance with the uniform practice of courts in capital cases to avoid even the possibility of injustice to the accused, we think the error referred to requires a new trial. All concur.