MIMA ATKINS, RESPONDENT, *v.* THE MANHATTAN
RAILWAY COMPANY, APPELLANT.

*Evidence — competency of questions to a physician as to the effect of injuries received.*

In an action to recover damages for personal injuries, alleged to have been sustained through the negligence of the defendant, it is not competent for the plaintiff's attorney to direct a witness to "tell the jury what results are likely to flow from the injuries from which Mrs. Atkins was suffering on the 3d of January, 1888."

The following question is also incompetent in such a case : "For what have you treated Mrs. Atkins; what symptoms have you treated her for during the time intervening between the 3d of January, 1888, to the present time, due entirely to the injuries she received at the time of the accident?" as it leaves the witness to determine what injuries the plaintiff has received from the accident, and what her previous condition has been, without the jury having any knowledge upon what such determination was based; it also makes the witness testify not to an opinion, but to the absolute fact that the symptoms arose from the injuries which the physician assumed the plaintiff to have received, as regards the nature of which assumptions on the part of the physician the jury were entirely ignorant.

APPEAL by the defendant from a judgment, entered in the office of the clerk of the county of New York on the 15th day of November, 1889, after a verdict in the sum of $3,833, rendered in favor of the plaintiff upon a trial before the court and a jury at the New York Circuit.

The action was brought by the plaintiff to recover damages alleged to have been caused by injuries which she sustained when a passenger on board the defendant's train, because of a collision between two trains on the defendant's road.

*Samuel Blythe Rodgers*, for the appellant.

*W. J. Curtis*, for the respondent.

VAN BRUNT, P. J.:

This action was brought to recover damages for personal injuries alleged to have been sustained because of the negligence of the defendant. The only questions submitted upon this appeal arise

upon exceptions to the admission of questions relating to the permanency of the injuries received.

The following question was asked of one of the medical witnesses by the plaintiff: Tell the jury what results are likely to flow from the injuries from which Mrs. Atkins was suffering on the 3d of January, 1888? This question was duly objected to and the objection overruled. This was clearly error. This form of question has been so often condemned that it seems somewhat remarkable that it should still be persisted in. In the cases of *Johnson* v. *Manhattan Railroad Company* (52 Hun, 111); *Strohm* v. *New York, Lake Erie and Western Railroad Company* (96 N. Y., 306); *Griswold* v. *Railroad Company* (115 id., 61), such a form of interrogatory is expressly condemned.

There was another class of expert evidence, which was admitted under objection, which was equally obnoxious to the rules of evidence. The physician had testified that he had never seen the plaintiff, to attend her professionally, before she was hurt; that he had no personal knowledge of her medical history prior to the accident except that which he gained from her in questioning her when he first saw her and subsequently. No evidence was given as to what the plaintiff had told the physician, and this question was asked: " For what have you treated Mrs. Atkins; what symptoms have you treated her for during the time intervening between the 3d of January, 1888, to the present time, due entirely to the injuries she received at the time of the accident." This question was duly objected to and objection overruled. This question allowed the witness completely to usurp the functions of the jury.

It left the witness to determine what injuries the plaintiff had received from the accident. It left the witness to determine what her previous condition had been, without the jury having any knowledge upon what such determination was based; and the question also made the witness testify not as to an opinion, but to the absolute facts that the symptoms arose from the injuries which the physician assumed the plaintiff to have received, but what those were which the physician assumed the jury were entirely ignorant.

In fact, throughout the whole of this case the medical experts were allowed to testify without the jury having the slightest information as to upon what such evidence was founded.

The judgment and order appealed from must be reversed, with costs to the appellant to abide the event.

BRADY and DANIELS, JJ., concurred.

Judgment and order reversed, with costs to the appellant to abide the event.