JOSHUA F. PAGE, RESPONDENT, *v.* THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK AND THE CITY OF BROOKLYN, APPELLANTS.

*Physician and patient — questions asked of a physician based upon the patient's testimony.*

In an action to recover damages resulting from personal injuries the plaintiff called a physician, by whom he had been examined subsequent to the injuries, who was asked this question: "Did you hear his (plaintiff's) testimony upon the witness-stand to-day?" To which the witness replied, "Most of it; yes, sir." The witness was then asked: "Take such a fall as he describes here, resulting from a collision of two cars, and of the symptoms following that fall, he having theretofore been a sound and healthy man, can you state with reasonable certainty that the consequences that have flowed are natural and usual?"
*Held,* that the question was incompetent.
That as the witness had heard only "most of" the plaintiff's testimony, his answer to the question was not founded upon all that the plaintiff had said, and was

not a hypothetical question, which was the only theory upon which it could have been admissible.

That a physician attending a patient may state facts and circumstances, and may. if an expert, be asked for his opinion upon a supposed state of facts presented in a question, but he should not be called upon to state whether the condition of the patient is the natural and usual consequence of the accident described.

APPEALS by the defendant, the City of Brooklyn, and by the defendant, the Mayor, Aldermen and Commonalty of the City of New York, from a judgment, entered in the office of the clerk of the county of New York on the 21st day of December, 1889, in favor of the plaintiff; and also from an order, entered in said office on the 24th day of December, 1889, denying defendants' motion to set aside the verdict and for a new trial, made on the minutes of the judge before whom the action was tried.

The action was tried at the New York Circuit before the court and a jury, and a verdict was rendered thereat in favor of the plaintiff for the sum of $15,000.

*Thomas P. Wickes,* for the appellants.

*Isaac S. Catlin,* for the respondent.

BRADY, J.:

This action was brought to recover damages sustained by personal injuries resulting from the defendants' carelessness. On the trial the plaintiff called Dr. Olcott, as an expert, by whom he had been examined in reference to his condition subsequent to the injuries received. The witness stated several examinations and the condition in which he found the plaintiff on each of such occasions. He was then asked whether he received a statement from him as to how he fell in the car when the injury was received, to which he answered affirmatively. The witness was then asked this question: " Did you hear his testimony upon the witness stand to-day ? " to which he responded by saying, " Most of it; yes, sir." He was then asked the following question : " Q. Take such a fall as he describes here, resulting from a collision of two cars, and of the symptoms following that fall, he having theretofore been a sound and healthy man ; can you state, with reasonable certainty, that the consequences that have flowed are natural and usual ? "

It will have been observed that the question is neither hypothetical in any respect nor founded upon all that the plaintiff said, but, " most of it," which leave to conjecture how much of it the witness considered to be " most of it," and whether if he had heard the whole of it there would have been any qualification of his answer. It was duly objected to but was allowed after exception. The answer was predicate of the plaintiff's statement only so far as the witness had heard it, but was not in form such as allowed a party to attain the result, in form at least, by adopting a hypothetical question, and this is the extent only to which such an inquiry is allowed. If it were otherwise, the witness would be, to a certain extent at least, as he was here, allowed to usurp the functions of the jury, who alone are to trace effects to the cause as shown by competent proof. For example, a collision of cars is proved, and a person in one of them, who before the collision is bodily sound, is found with a broken limb or serious wounds. The injuries are then *prima facie* the effect of the collision, but the jury are to determine that question on the evidence, and hence the examination of the medical attendant is always as to what was the condition of the patient after the accident. He is not called upon to state whether that condition is the consequence natural and usual of the collision such as described. He may state facts and circumstances, but not conclusions, especially when founded upon evidence heard only in part, but may if an expert be asked for his opinion upon a supposed state of facts presented in a question. The question itself, here, considered as such, is radically defective, for the reason that it assumes that the consequences stated flowed from the collision ; when, in legal effect, it was wholly immaterial whether the consequences were natural and usual if they were present and existed, and whether they were or not was a question for the jury.. The cases relating to this line of examination carefully preserve the rights of the party to be affected by it from any infraction of the province of the jury as indicated by the rule which is positive and unyielding, that questions kindred to the one discussed must be put hypothetically, or its equivalent, and thus leave the facts stated in it to be found by the jury before the evidence elicited can be applied. (See *Uransky* v. *D.: D. and B. R. R. Co.,* 7 N. Y. St. Rep., 395 ; *Gregory* v. *N. Y., L. E. and W. Ry. Co.,* 8 N. Y. Supp., 525 ; *Turner* v. *City of Newburgh,* 109 N. Y., 309.)

For these reasons the judgment appealed from must be reversed and a new trial ordered, with costs to abide the event. Ordered accordingly.

Van Brunt, P. J., and Daniels, J., concurred.

Judgment reversed and new trial ordered, with costs to abide event.