(10 Misc. Rep. 49.)

CARPENTER v. LEAVITT.

(City Court of New York, General Term. October 23, 1894.)

EVIDENCE—EXAMINATION OF EXPERT.

In an action for services it is error to permit plaintiff to ask his witness what is the reasonable value of such services as he had heard plaintiff testify to them, as it permits the witness to assume for himself from plaintiff's testimony the facts on which he based his opinion, without informing the jury what he believed those facts to be.

Appeal from trial term.

Action by Alfred C. Carpenter against Edwin R. Leavitt for services as a medical expert and physician. From a judgment entered on a verdict in favor of plaintiff, defendant appeals. Reversed.

Argued before EHRLICH, C. J., and FITZSIMONS, J.

Charles W. Brooke, for appellant.
B. L. Winters, for respondent.

EHRLICH, C. J. The action was for services as a medical expert and physician, and one question litigated was whether the services were performed on the personal responsibility of the defendant or

on the credit of another for whom the defendant was acting. This was fairly submitted to the jury, and they found from the evidence that the promise of the defendant was made by him personally, and on his own behalf. Another question in the case is the value of the plaintiff's services, and on this subject the testimony is also conflicting. The plaintiff called Dr. Morehead in rebuttal, and asked him this question: "What do you say is the reasonable value of these services as you have heard Dr. Carpenter testify to them,— examining a woman, making several examinations, going to other physicians, and giving a history of the case, studying up the history and nature of the injuries, preparatory to testifying as an expert, attending in court four days and testifying as an expert?" This evidence was objected to by the defendant upon the ground that it did not appear that the witness had heard the testimony of the plaintiff, and upon the further ground that it was incompetent, irrelevant, and immaterial. The objection was overruled. We think this was error, for it permitted the witness to assume for himself from the testimony of the plaintiff the facts upon which he based his opinion, without informing the jury what he supposed or believed those facts to be. Connelly v. Railroad Co. (Sup.) 15 N. Y. Supp. 176; Uransky v. Railroad Co. (Sup.) 13 N. Y. Supp. 670. See, also, People v. McElvaine, 121 N. Y. 250, 24 N. E. 465; People v. Smiler, 125 N. Y. 717, 26 N. E. 312; Gregory v. Railroad Co. (Sup.) 8 N. Y. Supp. 525. This is rendered more objectionable by the fact that there was nothing in the case tending to show that the witness had heard the testimony of the plaintiff. For this reason the judgment appealed from must be reversed, and a new trial ordered, with costs to the appellant to abide the event.