(12 Misc. Rep. 13.)
### FRANKFORT v. MANHATTAN RY. CO.

(Common Pleas of New York City and County, General Term. April 1, 1895.)

1. EXPERT TESTIMONY—HYPOTHETICAL FACTS.
   If the facts upon which an expert witness bases his opinion be disputed, he must assume them as only hypothetically not absolutely true.
2. SAME—BASIS OF OPINION.
   An expert witness cannot base his opinion upon facts not communicated to the jury, nor upon hearsay, nor upon the evidence of others on the trial.

(Syllabus by the Court.)

Appeal from trial term.

Action by Sarah Frankfort against the Manhattan Railway Company for personal injuries. From a judgment entered on a verdict in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals. Reversed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

Edward B. Thomas, for appellant.

A. G. Vanderpoel, for respondent.

PRYOR, J. The plaintiff has recovered a verdict of $5,000 for an injury asserted to be the effect of the defendant's negligence. Whether that injury was the cause of the physical and mental maladies with which she claims to be afflicted, and whether those maladies be incurable, is enveloped in obscurity, and contingent upon the inferences of experts. The surgeon by whom the plaintiff was treated made light of the hurt, and attributed the ailments of which she subsequently complained not at all to the accident, while the surgeon produced on her behalf at the trial represented her condition as distressing and desperate, and imputed it entirely to her injury by the defendant. Obviously, if the testimony of the latter witness be expunged from the record, the judgment cannot stand. In response to an inquiry detailing hypothetically the circumstances of plaintiff's injury and the symptoms of her condition, the witness affirmed that condition to be the consequence of the injury, and to be permanent. But on cross-examination he repudiated the hypothesis upon which the question proceeded, and avowed that his opinion was founded on the actual facts of the case, of which some were known to himself, some communicated by the plaintiff, and some collected from the evidence at the trial. What facts were the basis of his opinion was not apparent to the jury. Thereupon the defendant moved to strike out the answer of the witness, and the exception to the denial of the motion duly challenges the competency of the evidence. Link v. Sheldon, 136 N. Y. 1, 32 N. E. 696. Manifestly, the premises, if disputed, from which an expert is to deduce his opinion, cannot be presented as the actual facts of the case. The province of the jury may not be so invaded, their verdict anticipated, and the issues they are to try determined by the witness. Hence the necessity of a hypothetical question. 1 Whart. Ev. § 452. Had counsel propounded the question in a dogmatic form, stating the facts unconditionally,

the court would have instantly rejected it. Is the irregularity any the less if the witness himself repudiate the hypothesis, and say to the jury that the ground of his opinion is an absolute fact? Nor did the witness communicate to the jury the facts upon which his opinion proceeded. The court, therefore, could not asce.tain whether those facts were within the scope of the evidence; nor could the jury determine whether they were supported by proof. People v. Smiler, 125 N. Y. 717, 26 N. E. 312; People v. McElva·ne, 121 N. Y. 250, 258, 24 N. E. 465; People v. Harris, 136 N. Y. 433, 453, 33 N. E. 65. "A physician cannot be permitted * * * to take into consideration facts known to him, but not communicated to the jury." Railway Co. v. Falvey, 104 Ind. 409, 3 N. E. 389, and 4 N. E. 908; 7 Am. & Eng. Enc. Law, p. 497, note. "The party against whom the evidence is offered is entitled, if he so desires, to have an explicit statement made to or by the expert witness of the precise state of facts upon which his opinion is based." Connelly v. Railway Co., 60 Hun, 495, 497, 15 N. Y. Supp. 176. In Atkins v. Railway Co., 57 Hun, 102, 10 N. Y. Supp. 432, a question was condemned because "it leaves the witness to determine what injuries the plaintiff has received from the accident, and what her previous condition had been, without the jury having any knowledge upon what such determination was based"; and because "it also makes the witness testify, not to an opinion, but to an absolute fact that the symptoms arose from the injuries which the physician assumed the plaintiff to have received, as regards the nature of which assumptions on the part of the physician the jury were entirely ignorant." And not only did the opinion of the witness proceed upon his own personal knowledge, but also, as he declared, upon hearsay, and "the evidence to which he had listened." This vice alone invalidates his testimony. Link v. Sheldon, 136 N. Y. 1, 32 N. E. 696; In re Snelling, 136 N. Y. 515, 32 N. E. 1006; People v. McElvaine, 121 N. Y. 250, 24 N. E. 465; Guiterman v. Steamship Co., 83 N. Y. 358; Reynolds v. Robinson, 64 N. Y. 589; In re Mason, 60 Hun, 46, 55, 14 N. Y. Supp. 434; Connelly v. Railway Co., 60 Hun, 495, 15 N. Y. Supp. 176. The testimony of experts is not evidence which courts are disposed to accredit beyond the strict sanction of the law. Ferguson v. Hubbell, 97 N. Y. 507, 514; Roberts v. Railroad Co., 128 N. Y. 455, 465, 28 N. E. 486. Judgment and order reversed, and new trial ordered; costs to abide the event. All concur.