(22 Misc. Rep. 707.)

## McCABE v. THIRD AVE. R. CO.

(Supreme Court, Appellate Term. February 28, 1898.) ⋅

OPINION EVIDENCE—COMPETENCY.

At the trial of an action to recover damages for personal injuries, plaintiff's medical expert witness testified that he had never seen plaintiff prior to examining him, three days after the accident, and that his opinion of the permanent character of the injuries was based solely upon the history of the case as given by plaintiff. No testimony whatever was offered touching such history. He was then asked, under appropriate objections, which were overruled, whether, speaking with reasonable certainty, the injuries would, in his opinion, be permanent, and answered, "They will." *Held*, that the ruling was improper, within the authorities requiring the witness to communicate to the jury the facts upon which his opinion is founded.

Appeal from city court of New York, general term.

Action by Patrick McCabe against the Third Avenue Railroad Company. From a judgment of the general term affirming a judgment entered on a verdict, defendant appeals. Reversed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

Hoadley, Lauterbach & Johnson (D. Calman, of counsel), for appellant.

John W. Hutchinson, Jr. (Walter S. Newhouse, of counsel), for respondent.

GIEGERICH, J. This action was brought to recover damages for a personal injury, claimed to have been sustained by the plaintiff in consequence of the negligence of the defendant's gripman while the former was attempting to drive a piano cart across Third avenue at its intersection with Tenth street, in the city of New York, on the 16th day of April, 1895. The only medical expert called by the plaintiff to prove the nature and extent of his injuries was Dr. John T. Harrison, who testified that he examined the latter on the 19th day of April, 1895, and that from the history of the case as given by the plaintiff he was of the opinion that he had sustained a concussion of the spine. The witness described the condition in which he found the plaintiff on said occasion, and further testified that he advised him to go to his family physician, or consult some one else. He was then asked this question: "Can you state, from your examination of that man, taking the history of the case, whether or not you can state with reasonable certainty whether the injuries will be permanent or not?" This was objected to "as incompetent, as not stating what the opinion was based upon, as immaterial and irrelevant, and as not sufficiently definite and certain." The objection was overruled, the defendant's counsel noting an exception to the ruling, and the witness was permitted to answer, "Yes." He was also asked this question: "Now, speaking with reasonable certainty, will they be permanent, in your opinion?" This was likewise objected to by defendant's counsel upon the same grounds. The objection was overruled, counsel again noting an exception, and the witness was permitted to answer, "They will." These rulings were clearly improper

within the authorities, which require the witness to communicate to the jury the facts upon which his opinion is desired.     Reynolds v. Robinson, 64 N. Y. 589; Guiterman v. Steamship Co., 83 N. Y. 358; People v. McElvaine, 121 N. Y. 250–259, 24 N. E. 465; Link v. Sheldon, 136 N. Y. 1, 9, 32 N. E. 696; In re Snelling, 136 N. Y. 515, 518, 32 N. E. 1006; Frankfort v. Railway Co., 12 Misc. Rep. 13, 14, 33 N. Y. Supp. 36, and citations.     The court in the last-cited case, speaking through Judge Pryor (page 14, 12 Misc. Rep., and page 37, 33 N. Y. Supp.), said:

"A physician cannot be permitted to take into consideration facts known to him, but not communicated to the jury.  The party against whom the evidence is offered is entitled, if he so desire, to have an explicit statement made to or by the expert witness of the precise state of facts upon which his opinion is based."

Although the witness testified that he had never seen or known the plaintiff prior to the said examination, and that his opinion as to the permanent character of the injuries was based solely upon the history of the case as given by the plaintiff, not a particle of testimony was offered touching such history.     Even if it had, the question would have been improper, for "the principle is not changed by the circumstance that all the testimony embraced within the sweeping terms of the question was before the court, or by the fact that the mass of testimony upon which the opinion was based came from witnesses of the opposite party.     The necessity of a specific question at the time of the examination of the witnesses covering all the facts or assumed facts upon which the opinion of the expert is required, is as apparent in such a case as in any other."     In re Snelling's Will, supra, pages, 518, 519, 136 N. Y., and page 1007, 32 N. E., per O'Brien, J.     It follows from these views that the admission of the evidence in question was error, which, to my mind, was so radical as of itself to necessitate a reversal of the judgment, and therefore it is not essential that we specifically consider all the points urged by the appellant upon this appeal.

The judgment should therefore be reversed, and a new trial ordered, with costs to the appellant to abide the event.     All concur.