## McGUIRE v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department. May 24, 1898.)

1. EXPERT EVIDENCE—PROPRIETY OF QUESTIONS.

At the trial of an action to recover damages for personal injuries, an expert medical witness for the plaintiff was asked, in reference to an attack of illness experienced by the plaintiff in the court room, and observed by the witness: "From your examination of the plaintiff, and the facts stated and testified to here, what do you say was the cause of that?" To this question defendant's counsel objected, "as incompetent and immaterial; no proper foundation laid for the question, and not a subject of opinion." The objection was overruled, and defendant excepted. *Held*, that as the question was based in part on what other witnesses had testified to, instead of being put in hypothetical form, it was improper.

2. SAME—SUFFICIENCY OF OBJECTION.

*Held*, further, that the objection was sufficiently specific to call attention to the viciousness of the question.

Appeal from trial term.

Action by Sarah McGuire against the Brooklyn Heights Railroad Company. From a judgment entered on a verdict for $6,000, and from an order denying a new trial, defendant appeals. Reversed.

Argued before GOODRICH, P. J., and CULLEN, HATCH, and WOODWARD, JJ.

Charles A. Collin, for appellant.
Samuel D. Morris, for respondent.

GOODRICH, P. J. The plaintiff on August 5, 1896, was a passenger on one of the defendant's cars, which was run into by another car of the defendant. She was thrown down, and received serious injuries. At the trial the defendant admitted its responsibility, the amount of the plaintiff's damages being the only real question involved. The jury gave a verdict of $6,000 for the plaintiff, and a motion was made for a new trial on the usual grounds.

The appellant's counsel contends that it was error to admit certain evidence. The trial occupied two days. On the first day, as the record shows, "the plaintiff was carried out in an apparently hysterical condition." On the following day Dr. Brush was examined as an expert witness for the plaintiff. He examined her condition on November 12, 1897, and gave evidence in relation thereto. He made no other examination until the trial, when he went out with her at the time of her leaving the court room. The following testimony gives rise to the defendant's chief contention of error:

"By Plaintiff's Counsel: Q. Doctor, you were in court yesterday afternoon? A. Yes, sir; I was here when Mrs. McGuire had this attack. I went out into the room with her where she was. Q. What was that? A. That was a form of fit which is known as 'hysteroepileptic' or 'hysteromajor.' Q. Now,

· doctor, from your examination of Mrs. McGuire, and the facts stated and testified to here, ·what do you say was the cause of that? Mr. Thomas: I object to it as incompetent and immaterial; no proper foundation laid for the question, and not a subject of opinion. (Objection overruled. Defendant excepts.) A. Some severe bodily injury. Q. That is one ʾof the results of the injury to which you refer? (Same objection, ruling, and exception.) Q. Was that one of the results,—was it the result of her present condition? A. Yes, sir."

There can be no doubt, under the authorities cited below, that the question was improper. In People v. McElvaine, 121 N. Y. 250, 24 N. E. 465, the objectionable inquiry was:

"Q. Now, are you able to say whether, in your judgment, based upon all the testimony, the acts of the defendant on the ·night of the homicide, the testimony as to his past life given by the witnesses in his defense, and based upon the whole case,—whether this young man is sane or insane?"

### The objection was:

"I object, as it is not a question properly put. It is too vague and indefinite. In order to put a hypothetical question properly,—so say the court of appeals,—it must consist of specially proven facts, which come within the pale of the proof; not where a person, for instance, is permitted to give an omnibus opinion."

### The question was then propounded:

"Based·upon the whole testimony of the prosecution and the defense, including the hypothetical question put by Judge Curtis [defendant's counsel], and everything that you have heard sworn to here,—now will you answer the question? (The defense excepts.)"

### The court above said (121 N. Y. 255, 256, 24 N. E. 466):

"We cannot doubt but that this question was improper. The witness was thus permitted to take into consideration all the evidence in the case given upon a long trial, extending over nine days, and, upon so much of it as he could recollect, determine for himself the credibility of the witnesses, the probability or improbability of their statements, and, drawing therefrom such inferences as in his judgment were warranted by it, pronounce upon the sanity or insanity of the defendant. It cannot be questioned but that the witness was, by the question, put in the place of the jury, and was allowed to determine upon his own judgment what their verdict ought to be in the case. It hardly needs discussion or authority to show the impropriety of this question."

### In Reynolds v. Robinson, 64 N. Y. 589, 596, the court said:

"His opinion may be obtained by stating to him a hypothetical case, taking in some or all the facts stated by witnesses, and claimed by counsel putting the question to be established by their evidence;. and, when the question is thus stated, the witness has in his mind a definite state of facts, and the province of the triors, whether referees or jurors, is not interfered with."

In Guiterman v. Steamship Co., 83 N. Y. 358, 365, it was stated that it is not the province of an expert witness "to draw inferences from the evidence of other witnesses, or to take in such facts as he can recollect, and thus form an opinion."

In Gregory v. Railway Co. (Sup.) 8 N. Y. Supp. 525, the court said:

"An expert witness cannot be asked to give an opinion based upon what he has heard other witnesses testify. Such opinion must be based on an hypothetical question containing facts which are assumed to have been proven."

From these authorities it is clear that the question was improper, and that the evidence should have been excluded.

But the respondent contends in his brief that:

"If it were possible to view the question as having reference to any other statement in the testimony, the defendant's counsel should have called the court's attention to that possibility, in order that the question might be modified, and any misunderstanding of it obviated." ·

There is no doubt of the general rule that a party objecting to evidence must specify the ground of his objection, so as to bring the attention of the court to the point involved, and that, if he omits to do so, he will be deprived of the benefit of his objection. People v. Beach, 87 N. Y. 508; Turner v. City of Newburgh, 109 N. Y. 301, 16 N. E. 344. In People v. Beach the objection was simply a general objection, and the court said (page 513):

"If the objection had been made, in terms, on the ground that the evidence was incompetent, the sufficiency of the objection could not have been questioned; and the objection, as made, necessarily implied this. Neither the court nor prosecuting attorney could have been misled as to the point of the objection."

The court held the objection sufficient.

In Turner v. City of Newburgh, supra, the court said (109 N. Y. 308, 16 N. E. 346):

"These objections * * * were general, and failed to specify any grounds. This court has held that where the objection to evidence is general, and it is overruled, and the evidence is received, the ruling will not be held erroneous, unless there be some grounds which could not have been obviated had they been specified, or unless the evidence in its essential nature be incompetent."

In Ward v. Kilpatrick, 85 N. Y. 413, 417, the court said:

"An objection was made generally, and without assigning any ground of error. If that had been done, the difficulty might have been obviated."

The court of appeals, in Re Snelling, 136 N. Y. 515, 518, 32 N. E. 1006, passing upon an objection to the question, "Assuming their testimony to be true, and basing your opinion upon such testimony, what would you say as to the mental condition· of Mary Snelling, say in June, 1890?" said:

"This question was objected to by the counsel for the contestants; and, while the form in which the objection was made is quite inartistic, there can be no doubt as to what was intended, and, we think, was sufficient to challenge the competency of the testimony sought to be elicited."

The rule is well established that, even where a general objection is made to the admission of evidence, it is sufficient if the evidence is in its nature inadmissible, and the nature of the objection could not have been misunderstood by the court, and where, if the ground had been specified, it could have been obviated. The question under examination falls within this category. It was in its essential nature incompetent, and the evidence clearly inadmissible.

I have thus far considered the exception as if there had been only a general objection, but there was a specific objection,—that the evidence was incompetent, and that no proper foundation had been laid for the question. Either of these grounds, in my opinion, was

sufficiently specific to point the attention of the court to the nature of the objection, for the competency of such a question depends upon its structure; and the structure of the question, in view of the numerous authorities cited, and many others which it is unnecessary to cite, was so glaring an infringement of the rules of evidence that an objection, either that the question was incompetent, or that no foundation had been laid, was a sufficient specification of its viciousness. In Cushman v. Insurance Co., 70 N. Y. 72, 80, this precise form of objection was considered on the converse of the proposition. The court said:

"But the objection was a mere general one. It did not specify that no proper foundation had been laid for the evidence, and hence is not available here as ground of error."

The admission of the answer to the question above mentioned was therefore reversible error.

Judgment and order reversed, and new trial granted; costs to abide the event. All concur.