complaint] to the plaintiff, unless an answer in the case should be served. Code Civ. Proc. § 1207. And as this defendant did not answer, but served a demurrer, this section of the Code is directly applicable to the disposition of the appeal."

It is true that the failure of the plaintiff to demand the precise relief to which he is entitled is not a ground for demurrer, but, in view of the requirements of the Code provision—

"The demand may properly be considered by the court in determining the nature of the action set forth in the complaint, whether it is an action at law or in equity; whether the parties would be entitled to a trial by jury or by the court." Swart v. Boughton, 35 Hun, 281.

It is also there held that:

"Where all the allegations of the complaint are made for the purpose of procuring equitable relief, and where equitable relief alone is asked for, the complaint cannot be sustained for legal redress where no answer has been interposed." Kelly v. Downing, 42 N. Y. 71.

We reach the conclusion that the converse of this proposition is also true, and is the law to be applied here,—where only legal redress is demanded, and no answer is interposed, the complaint cannot be sustained for equitable relief.

We have examined the cases cited by respondents in which it is held that the complaint must be sustained if the facts as alleged entitle the plaintiff to any relief, no matter whether his prayer is addressed to the legal or equitable jurisdiction of the court, and when the facts stated in the complaint entitle the plaintiff to relief in equity a demurrer will not lie because he has not asked for it in the form in which he is entitled to it. In each of the cases cited under the first branch of the proposition there was an answer interposed, and in those cited under the second branch some form of equitable relief had been asked for, or the pleading was framed with a view to such relief, showing that the action was addressed to the equity jurisdiction. The cases are therefore clearly distinguishable from the case at bar.

These considerations lead us to the conclusion that the judgment appealed from should be reversed, with costs, and the demurrer sustained, with leave to plaintiff to serve an amended complaint within 20 days upon payment of costs in this court and in the court below. All concur.

(63 App. Div. 46.)

SULLIVAN v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, First Department. July 9, 1901.)

EXPERT TESTIMONY—COMPETENCY—OPINION EVIDENCE.

In an action for injuries, a physician testified that he first examined plaintiff three years after the accident, but gave no evidence as to the result of the examination, and that pains suffered by a person nearly three years after a blow on the head, received while in good health, would be attributable to the injury, and that such pains would be permanent and progressive, and indicate a certain ailment. *Held* incompetent, as opinion evidence, being based on no facts from which the jury could determine its weight.

Appeal from trial term, New York county.

Action by John Sullivan against the Metropolitan Street-Railway Company. From a judgment in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and PATTERSON, O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

C. F. Brown, for appellant.

T. Smith, for respondent.

O'BRIEN, J. We think that this judgment must be reversed for error committed in the admission of expert evidence relating to the character and extent of plaintiff's injuries. Dr. Oswald was called in behalf of the plaintiff, and testified that he had first examined him in June, 1900, nearly three years after the accident, which occurred in November, 1897, and had again examined him in September, 1900, and immediately before the trial. The plaintiff's counsel then said: "Take a person who, prior to an injury received by a blow upon his head, is in good health and active, and two years and eight months afterwards he is suffering from pain, and not in good health. To what would you attribute that?" The witness asked what pain, and was told, "In the spine and head," and, under objection and exception, answered, "I should attribute these to the accident, as the sequel of the accident." Subsequently he was asked, "Could you say, in your opinion, with reasonable certainty, in the usual natural and ordinary course of events, whether they would be permanent or not,—those pains in the back of the head?"—and, under objection and exception, answered, "Yes, sir; I should say they are permanent and progressive." The next question was, "What would pains two years and eight months after the injury indicate to you?" and, exception being taken, he answered, "Traumatic neurasthenia or locomotor ataxia." Motion to strike out this answer was made and denied, and exception taken. The witness again stated that he had never seen the plaintiff until June, 1900, and added, "The testimony that I have been giving you is my general experience in contusions of the head, and aches and hurts of that kind." A motion was then made to strike out all his testimony in respect to traumatic neurasthenia or locomotor ataxia, which was denied, and exception taken. Aside from the fact that the testimony, even if it had rested upon the physician's examination, seems to have been too remote and unconnected with the injury to be admissible, it was, as opinion evidence, incompetent, for the reason that it was based upon no facts from which the jury could determine the weight to be given to it. The rule is well stated in Johnson v. Railway Co., 52 Hun, 111, 4 N. Y. Supp. 848, wherein the court said:

"The witness was asked by this question to give his opinion, and his opinion merely. It is not to be doubted that witnesses skilled in any science or art, or who possess experience or special knowledge upon a particular subject of inquiry, not possessed by jurors, may testify not only to facts, but may give their opinion as to such facts (Van Wycklen v. City of Brooklyn, 118 N. Y. 429, 24 N. E. 179), and may even do so in many cases where the opinion asked for directly affects the whole issue involved in the case; * * * but where opinion testimony, so called, is to be presented

to a jury in such a case as this, that opinion should be based upon all the elements essential to its formation."

So, also, in Atkins v. Railway Co., 57 Hun, 102, 10 N. Y. Supp. 432, where it was said:

"There was another class of expert evidence, which was admitted under objection, which was equally obnoxious to the rules of evidence. The physician had testified that he had never seen the plaintiff, to attend her professionally, before she was hurt; that he had no personal knowledge of her medical history prior to the accident, except that which he gained from her in questioning her when he first saw her and subsequently. No evidence was given as to what the plaintiff had told the physician, and this question was asked: 'For what have you treated Mrs. Atkins? What symptoms have you treated her for during the time intervening between the 3d of January, 1888, to the present time, due entirely to the injuries she received at the time of the accident?' This question was duly objected to, and objection overruled. This question allowed the witness completely to usurp the functions of the jury. It left the witness to determine what injuries the plaintiff had received from the accident. It left the witness to determine what her previous condition had been, without the jury having any knowledge upon what such determination was based; and the question also made the witness testify not as to an opinion, but to the absolute facts that the symptoms arose from the injuries which the physician assumed the plaintiff to have received; but what those were which the physician assumed, the jury were entirely ignorant. In fact, throughout the whole of the case the medical experts were allowed to testify without the jury having the slightest information as to upon what such evidence was founded."

In the case at bar the only evidence of permanent injury and the only mention of traumatic neurasthenia and locomotor ataxia is contained in the testimony of this physician. As to such injuries no facts were given which would serve as a basis for the conclusions, and therefore, as already stated, there was nothing from which the jury could determine the weight to be given to the opinion expressed. Although the physician stated that he examined the plaintiff, he was not asked a single question as to what he discovered upon that examination, and he himself admitted that his answers to the general questions put to him were the result of his experience in his profession. That his testimony was of importance is evident from the fact that there was no other such testimony as to the character and extent of the injuries, and our conclusion is that, for the error committed in admitting it, the judgment and order must be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.